UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIGALIT MIZRAHY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ARS NATIONAL SERVICES, INC.<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff SIGALIT MIZRAHY (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Law Office of Alan J. Sasson, P.C., against Defendants ARS NATIONAL SERVICES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with a place of business located in Escondido, California.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## **CLASS ALLEGATIONS**

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Chase Bank U.S.A., N.A. ("Chase"), that contains the alleged violation arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are

        entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Chase.

17. On or around November 7, 2015 Defendant sent Plaintiff a collection letter. *See* **Exhibit A**.

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The letter concerns a debt that was incurred on a credit card.

21. The credit card accrued interest.

22. The credit card accrued late fees.

23. Defendant failed to advise Plaintiff whether or not such fees were continuing to accrue.

24. As a result, Plaintiff and the least sophisticated consumer were left in the dark as to the amount due and owing in violation of §1692g.

25. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991).

26. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

27. Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would make payment only to be contacted again later due to other charges that may have accrued between the date of the letter and the date payment was made.

28. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

29. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

30. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

**First Count**
**15 U.S.C. §1692g** *et seq.*
**Validation of Debts**

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send

the consumer a written notice containing certain enumerated information.

33. One such requirement is that debt collectors provide "the amount of the debt." 15 U.S.C. §1692g(a)(1).

34. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

35. Defendant's letter to Plaintiff sets forth a "Balance."

36. Said letter does not disclose whether the "Balance" may increase due to additional interest.

37. Said letter does not disclose whether the "Balance" may increase due to additional late fees.

38. Said letter does not contain any "safe harbor" language concerning the accrual of said interest and/or fees.

39. The letter can reasonably be read by the least sophisticated consumer to mean that the stated "Balance" was subject to further interest and/or fees after the date of the letter.

40. The letter can also reasonably be read to mean that the stated "Balance" was accurate only as of the date of the letter.

41. The letter would render the least sophisticated consumer unable to determine the amount of her debt because she would not know whether interest would continue to accrue after the date of the letter.

42. The least sophisticated consumer would be confused as to how she could satisfy the debt.

43. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

44. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Law Office of Alan J. Sasson, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
November 2, 2016

Respectfully submitted,

By: __/s/ Alan J. Sasson_____
Alan J. Sasson, Esq. (AS 8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:    (718) 339-0856
Facsimile: (347) 244-7178
*Attorneys for Plaintiff*

\

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Alan J. Sasson
Alan J. Sasson, Esq.

Dated: Brooklyn, New York
November 2, 2016